UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Paula A.,[1]

        Plaintiff,

v.

Kilolo Kijakazi,
*Acting Commissioner of Social Security*,

        Defendant.

Case No. 22-cv-2358 (KMM/DJF)

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to 42 USC § 406(b) ("Fee Motion") (ECF No. 45) related to a contingency fee agreement between Plaintiff and her counsel ("Fee Agreement") (ECF No. 48-1). The undersigned considers the matter pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1. For the reasons set forth below, the Court recommends the Fee Motion be granted.

**I.    Background**

On September 9, 2022, Plaintiff signed a Fee Agreement with her counsel that stated:

> If my claim(s) is favorably decided after an appeal to the Appeals Council, I will pay the firm/my representative a fee equal to twenty five percent (25%) of all past due benefits which are awarded on my account plus any Equal Access to Justice Act (EAJA) award, regardless of whether those amounts exceed Six Thousand dollars ($6,000.00). If my claim ever reaches the Appeals Council level, the firm/my representative is entitled in such circumstances to pursue fees through the fee petition process and/or 42 U.S.C. § 406(b) and/or any EAJA award (or any combination thereof). The 25% figure shall be based on the total amount of past-due benefits, before payment to any other person or agency, including but not limited to the Department of Social Services, the Social Security Administration, any child support enforcement authority, state or federal tax agencies, or any person claiming under a right to child or spousal support. I understand that the 25% of fees described above does not include expenses or costs and does not include any EAJA award.

---

[1] This District has adopted a policy of using only the first name and last initial of any nongovernmental parties in orders in Social Security matters.

(ECF No. 48-1.)  Plaintiff filed a Complaint in this matter on September 26, 2022 with the assistance of counsel (ECF No. 1).  On October 11, 2023, the Court remanded this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g), for further administrative proceedings (ECF No. 27).  In June 2024, the Court recommended that Plaintiff be awarded $7,250.40 in attorney's fees under the Equal Access to Justice Act U.S.C. 28 § 2412(D) ("EAJA") (ECF No. 43).

Upon remand, an Administrative Law Judge issued a favorable decision to Plaintiff finding her disabled.  (ECF No. 45 ¶ 1.)  Plaintiff's "Notice of Award" indicates that she is entitled to $107, 482.00 in past due benefits, with twenty-five percent ($26,870.0500) withheld to pay an approved attorney fee (ECF No. 48 at 3-4).  Plaintiff's attorneys now seek an award of attorneys' fees in the amount of $26,870.50 reduced by the original EAJA fee award of $7,250.40, for a net total fee of $19,620.10.  (ECF No. 45 ¶ 5.)  Defendant "neither supports nor opposes [Plaintiff's attorney's] request for fees in the amount of $26,870.50 under 42 USC § 406(b)" but asks that the Court's reasonableness determination of the fee request be based on the full $26,870.50, rather than the net fee request of $19,620.10 after offsetting the EAJA award.  (ECF No. 49 at 2-3.)

**I.      Legal Standard**

Under section 406(b):

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 USC § 406(b).

The Supreme Court has recognized that the Social Security Act has no "design to prohibit or discourage attorneys and claimants from entering into contingent-fee agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 791 (2002).  Instead, courts are tasked with independently determining

whether attorney's fees sought under such agreements are reasonable. *See id.* at 808. Contingency agreements are unenforceable when they require fees in excess of 25 percent of the past-due benefits, but when "[w]ithin the 25 percent boundary … the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807 (citing 42 U.S.C. § 406(b)). "A reduced fee may be appropriate where the legal representation was substandard, counsel was responsible for delay that increased the fund from which the fee was payable, or if benefits were large in comparison to the amount of time counsel spent on the case." *Shane T. v. Saul*, Case No. 18-cv-634 (BRT), 2020 WL 5743075, at *1 (D. Minn. Sept. 25, 2020) (citing *Gisbrecht*, 535 U.S. at 808).

In addition, when a court awards attorney's fees to a plaintiff under the EAJA and awards fees to the plaintiff's attorney under section 406(b), the attorney must refund the amount of the smaller received fee to the plaintiff. *Gisbrecht*, 535 U.S. at 789.

**II.     Analysis**

Plaintiff's attorney contends his fee request of $26,870.50 under Section 406(b) is reasonable because Plaintiff hired him based on his experience in federal court appeals and his representation of Plaintiff in federal court "was decisive in achieving such a highly successful result." (ECF No. 46 at 3; *see also* ECF No. 45 ¶ 1 .) He also points out that the total fee request is twenty-five percent of Plaintiff's past-due benefits—the amount Plaintiff agreed to pay counsel under the Fee Agreement. (ECF No. 45 ¶¶ 5, 10.) Finally, Plaintiff's attorney argues his fee request is appropriate based on his 25 years of experience, national recognition, non-contingent hourly rate of $595, and his expectation that contingency cases be paid a higher rate due to the considerable risk of non-recovery. (*Id.* ¶ 13.[2]) Plaintiff's attorney also attached a Statement of

---

[2] There are two paragraphs with the number 13. (*See* ECF No. 45 at 4-5 ¶¶ 13, 13.) The Court's reference is to the first paragraph 13.

Attorney Time Expended, detailing his experience as a legal practitioner and an hourly breakdown of the 45.8 hours he spent on Plaintiff's appeal (ECF No. 48-2).

The Court finds Plaintiff's attorney's fee request is reasonable and recommends that the Fee Motion be granted. Plaintiff's Fee Agreement provides that if she wins in federal court, her counsel is entitled to 25 percent of any past-due benefits owed to her. (ECF No. 48-1.) Plaintiff prevailed in federal court, entitling her to past-due benefits. The Court does not find any basis in the record to conclude her attorney's work was substandard, resulted in undue delay, or involved an amount of effort that is disproportionate to the outcome. Rather, Plaintiff's attorney, expended an appropriate amount of time on Plaintiff's appeal, ultimately resulting in a full award of past-due benefits. (*See* ECF Nos. 48, 48-2.)

Moreover, had Plaintiff's attorney charged his non-contingency hourly rate of $595 for the 45.8 hours he spent on Plaintiff's case, the fee would have been $27,251—$380 more than the total amount he seeks under Section 406(b). (*See* ECF No. 48-2.) While the asserted standard hourly rate is relatively high, the Court considers that the attorney is highly experienced, including more than 10 years in the Social Security Administration and as a Special Assistant United States Attorney, and many more years developing a national practice in this area. The Court further considers that counsel bore the risk of potential failure under the contingency fee arrangement.

Because Plaintiff's attorney's fee request of $26,870.50 is twenty-five percent of the past-due benefits Plaintiff is owed, and because there does not appear to be any rationale to reduce the fee, both the Fee Agreement and the statute permit the requested award. *Gisbrecht*, 535 U.S. at 791; *see also* (ECF No. 45-1). The Court therefore recommends that Plaintiff's Fee Motion be granted and Plaintiff's Counsel be awarded $26,870.50 in fees to be paid from Plaintiff's past-due benefits, pursuant to 42 U.S.C. § 406(b). But, to account for the original fee award of $7,250.40 the Court previously recommended be awarded under the EAJA, the Court

recommends that the $26,870.50 be reduced by $7,250.40 for a net award of **$19,620.10**. *Gisbrecht*, 535 U.S. at 789; *see also Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010) (approving attorney's request to offset Section 406(b) award with previously awarded EAJA fees).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1.  Plaintiff's Motion for Attorney Fees Pursuant to 42 USC § 406(b) (ECF No. [45]) be **GRANTED**; and

2.  Plaintiff's Counsel be awarded $26,870.50 in fees, reduced by the Court's original EAJA fee award of $7,250.40, for a net total fee of **$19,620.10**, to be paid from Plaintiff's past-due benefits, pursuant to 42 U.S.C. § 406(b).

Dated: September 16, 2024            *s/ Dulce J. Foster*
                                     DULCE J. FOSTER
                                     United States Magistrate Judge

## NOTICE

This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).